# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| VINCENT LEE, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | No. 07-0487-CV-W-FJG |
| ) | |
| KANSAS CITY MISSOURI SCHOOL ) | |
| DISTRICT, et al., ) | |
|       Defendants. ) | |

## ORDER

Currently pending before the Court is the City of Raymore, Mayor Juan Alonzo and Jim Feuerborn's Motion to Dismiss Plaintiff's Complaint (Doc. No. 33); Defendants City of Kansas City, Missouri, Mayor Mark Funkhouser, Frank Pogge, and Millie Crossland's Motion to Dismiss (Doc. NO. 52); Defendants Kansas City Board of Election Commissioners, Melodie Powell, Cynthia Thompson, Joseph Serrano, and Quentin Jennings' Motion to Dismiss (Doc. No. 49); and Plaintiff's Motion to Compel (Doc. No. 2). Each motion will be considered below.

**I.    BACKGROUND**

Plaintiff Vincent Lee ("Lee") is a resident of Kansas City. Plaintiff filed the instant suit pro se on July 6, 2007. Plaintiff brought forth a Complaint for a preliminary injunction against numerous city officials and governmental entities (Doc. No. 1). It is difficult to decipher from Lee's Complaint exactly what type of relief he is seeking. Upon the Court's review, it appears that Lee is alleging election fraud against the Kansas City Board of Election Commissioners, improper expenditures by various governmental entities, and is seeking a grand jury investigation into city fraud with the City of Raymore. Plaintiff also

filed a motion to compel requesting that defendants produce certain documents including contracts entered into by past mayors. Several defendants have now moved to dismiss plaintiff's Complaint.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 provides: "[a] pleading that states a claim for relief must contain: a short plain statement of the claim showing that the pleader is entitled to relief..." Rule 8 further provides that "[p]leadings must be construed so as to do justice." In construing a pleading, the court must consider whether the pleading provides notice of the claims being asserted against the defendant. See Shelter Mutual Ins. Co. v. Public Water Supply, 747 F. 2d 1195, 1197 (8th Cir. 1984).

The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a party will ultimately prevail, but rather whether the party is entitled to offer evidence in support of the claims asserted. Doe v. Hartz, 52 F. Supp.2d 1027, 1049 (N.D. Iowa 1999), citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050 (citing Frey v. City of Herculaneum, 44 F.3d 667, 671

(8th Cir. 1995))(internal quotations, ellipses and citations omitted). The purpose of a 12(b)(6) motion is to determine whether the plaintiff has stated a claim upon which relief may be granted.

## III. DISCUSSION

### A. City of Raymore, Mayor Juan Alonzo and Jim Feuerborn's Motion to Dismiss Plaintiff's Complaint (Doc. No. 33)

The allegations against the Raymore defendants contained in Plaintiff's Complaint are the following:

> "Motion the Court Grand Jury Investigation into City Fraud with The "City of Raymore" 30 million for elevated Storage Tank.
>
> Request Preliminary Injunction–"Tax Dollars on properties including State, County, City and School Taxes have been misuse, and now given to other cities and their agenda of choices..."

Defendants argue that plaintiff's Complaint should be dismissed because plaintiff's allegations are insufficient to provide notice of plaintiff's cause of action under Rule 8; plaintiff has no standing as a municipal taxpayer of Kansas City to assert a cause of action against the City of Raymore; plaintiff's allegations of fraud are barred by the doctrine of sovereign immunity; and plaintiff has insufficiently stated what he is attempting to enjoin by seeking a preliminary injunction against these defendants.

Upon review of plaintiff's allegations, the Court agrees with defendants that his allegations are insufficient to provide notice of plaintiff's cause of action under Fed. R. Civ. P. 8. Even if plaintiff's allegations are sufficient to provide notice, plaintiff indeed lacks standing as a municipal taxpayer of Kansas City to challenge the expenditures of the City of Raymore. See Massachusetts v. Mellon, 262 U.S. 447, 487 (1923)(holding that a

3

municipal taxpayer has standing to assert a cause of action in federal court challenging the expenditures of in his own municipality); See also Doremus v. Board of Ed. of Hawthorne, 342 U.S. 429 (1952)(holding that status as a state taxpayer was insufficient to confer standing in federal court to challenge state expenditures). In addition, plaintiff has no standing as an individual to seek a grand jury investigation against defendants. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)(noting that a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Therefore, the Court hereby **GRANTS** Raymore Defendants' motion to dismiss (Doc. No. 33).

### B. Defendants City of Kansas City, Missouri, Mayor Mark Funkhouser, Frank Pogge, and Millie Crossland's Motion to Dismiss (Doc. NO. 52)

The allegations against the Kansas City defendants contained in Plaintiff's Complaint are the following:

> "City of Kansas City Mayor, Berkley, Clever, Barnes and [Funkhouser] and their council members, voting records on School Taxes, and Issues."

> "Tax Dollars on properties including State, County, City, and School Taxes have been misuse, and now given to other cities and their agenda of choices, along with Taxation of Immigration of 20 million with a large portion here in Kansas City MO. These Tax dollars will hurt Elderly, and Handicap the others."

Defendants argue that plaintiff's Complaint fails to meet the notice pleading requirements under Rule 8 because plaintiff does not provide grounds upon which the court's jurisdiction is based and does not provide defendants with a fair notice of what plaintiff is claiming.

Upon review of plaintiff's allegations against these defendants, the Court agrees that plaintiff fails to comply with the notice pleading requirements under Rule 8. Plaintiff fails

4

to identify which state, county, city, and schools he is referring to when he makes a statement about school taxes. Rather, plaintiff's Complaint is incomprehensible and is replete with statements and quotations from historical figures. Further, the Complaint contains no allegations concerning what type of violation defendants have committed and fails to allege that defendants have violated his rights. Thus, plaintiff lacks standing as he fails to show that he has been injured or harmed by any of defendants' actions. Therefore, the Court hereby **GRANTS** Kansas City defendants' motion to dismiss (Doc. No. 52).

    **C.** **Defendants Kansas City Board of Election Commissioners, Melodie Powell, Cynthia Thompson, Joseph Serrano, and Quentin Jennings' Motion to Dismiss (Doc. No. 49)**

The allegations against the Kansas City Board of Election Commissioners involve plaintiff challenging the mayoral election results. Those allegations are the following:

> "Kansas City Board Election, on Fraud, needing documents on Municipal Election March 27, 2007 on Day of Election,"
> "Municipal General Election, March 27, 2007, Fraud, 3 Candidates For Mayor Alvin Brooks, Mark Funkhouser, Vincent Lee," and
> "Official Results From Board Election on April 4, 2007, Alvin Brooks 35,965, Mark Funkhouser 27,027 Total Votes 63,086. They Never counted Vincent Lee Votes."

Defendants argue plaintiff's Complaint should be dismissed because it fails to meet the notice pleading requirements under Rule 8. Defendant assumes plaintiff is challenging whether Mark Funkhouser is the duly elected mayor of Kansas City. Defendants note that plaintiff relies on those tallies cast within the Board of Election Commissioners' jurisdiction which is Jackson County where Mayor Funkhouser received 42.84% of the votes. However, defendants state that Mayor Funkhouser received the majority of the votes in Clay and Platte counties such that he received the majority of the votes overall.

Upon the Court's review of plaintiff's allegations, the Court agrees that plaintiff's allegations fail to meet the notice pleading requirements under Rule 8. While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s) based on some cognizable legal theory. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1990). Plaintiff in this case, however, has failed to plead how he has standing to challenge the mayoral election results nor did plaintiff allege he was a candidate for mayor. Plaintiff fails to describe what defendants allegedly did or failed to do, how defendants violated plaintiff's rights under federal law or the Constitution, and plaintiff fails to show that plaintiff has suffered any actual injury for which the named defendants could be held legal responsible. Again, plaintiff did not allege under which basis this Court has jurisdiction in which to hear plaintiff's allegations. Additionally, plaintiff's allegations are vague and unintelligible complaints which are difficult to decipher.

Thus, the Court finds that plaintiff's Complaint should be dismissed for failure to state a claim and to satisfy notice pleading requirements under Fed. R. Civ. P. 8. See Miller v. Swanson, 2007 WL 2713007, at *1 (D. Minn. Sept. 14, 2007)(dismissing a complaint that asserted a vague cause of action against the State of Minnesota because it included "vague accusations of wrongdoing," "unintelligible verbiage," and did not "allege any specific facts" or "describe any actual historical events"); Long v. St. Louis Bd. of Election Com'rs, 2006 WL 2883383, at *1 (E.D. Mo. Oct 5, 2006)(dismissing a multi-count complaint filed against several public entities and public officials that the court described as "often unintelligible and difficult to decipher"). Therefore, the Court hereby **GRANTS** the Board

of Election Commissioners Defendants' Motion to Dismiss (Doc. No. 49).

## IV. CONCLUSION

For the foregoing reasons, City of Raymore, Mayor Juan Alonzo and Jim Feuerborn's Motion to Dismiss Plaintiff's Complaint (Doc. No. 33) is **GRANTED**; Defendants City of Kansas City, Missouri, Mayor Mark Funkhouser, Frank Pogge, and Millie Crossland's Motion to Dismiss (Doc. NO. 52) is **GRANTED**; Defendants Kansas City Board of Election Commissioners, Melodie Powell, Cynthia Thompson, Joseph Serrano, and Quentin Jennings' Motion to Dismiss (Doc. No. 49) is **GRANTED**; and Plaintiff's Motion to Compel (Doc. No. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date:   2/26/08  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge